THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| EDIN ELEZOVIC,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; TODD BLANCHE, Acting Attorney General of the United States, Executive Office for Immigration Review; TODD LYONS, Acting Director, United States Enforcement and Removal Operations,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER**<br>• **DENYING MR. ELEZOVIC'S PETITION FOR HABEAS CORPUS;**<br>• **DENYING MR. ELEZOVIC'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER; AND**<br>• **FINDING MOOT THE UNITED STATES'S MOTION FOR LEAVE TO TRANSFER PETITIONER**<br><br>Case No. 4:26-cv-00048-DN<br><br>District Judge David Nuffer |

Petitioner Edin Elezovic filed a petition for a writ of habeas corpus ("Petition") under 28 U.S.C. § 2241(a),[1] and an Emergency Motion for Temporary Restraining Order ("TRO Motion")[2] alleging he is being unlawfully confined in violation of the Constitution and laws of the United States. Mr. Elezovic challenges his detention by the U.S. Immigration and Customs Enforcement ("ICE") on April 21, 2026, as "unlawful and a textbook violation of his Due Process rights."[3] Mr. Elezovic asserts that his detention violates the Fourth Amendment, Fifth Amendment, and the Immigration and Nationality Act ("INA").[4] The United States is correct

---

[1] Petition for Writ of Habeas Corpus ("Petition") ¶¶ 4, 11 at 2-3; docket no. 1; file April 27, 2026.

[2] Emergency Motion for Temporary Restraining Order ("TRO Motion"), docket no. 10, filed April 30, 2026.

[3] *Id*. at 3.

[4] 4 Petition at 7-11.

that this court has no jurisdiction over the Petition's final count, which alleges violations of the INA, pursuant to 8 U.S.C. § 1252(b)(9).[5]

Mr. Elezovic was incarcerated for 120 days after pleading guilty to two state convictions for violating a protective order.[6] Mr. Elezovic also pleaded "no contest" to misdemeanor charges of child abuse and assault,[7] charges he has appealed.[8] On March 24, 2026, ICE officers encountered Mr. Elezovic at the Washington County Jail in Hurricane, Utah.[9]

ICE issued an administrative warrant and a Notice to Appear for Mr. Elezovic after determining he was a deportable alien under 8 U.S.C. § 1227(a)(2)(E)(ii).[10] Mr. Elezovic says that while his "appeal is pending[] his conviction is not final;"[11] that his continued detention is unconstitutional;[12] and requests his immediate release.[13] But, Mr. Elezovic waived his right to appeal his convictions,[14] and his argument that his conviction is not final is foreclosed by Tenth Circuit precedent.[15]

---

[5] United States Response to Petition For Habeas Corpus ("U.S. Response") at 4, docket no. 14, filed May 1, 2026 (citing 8 U.S.C. § 1252(b)(9)).

[6] Petition ¶ 7 at 3; U.S. Response at 1.

[7] Petition ¶ 6at 2.

[8] Petition ¶ 4 at 2.

[9] Exhibit 1 to U.S. Response, Record of Deportable/Inadmissible Alien, docket no. 14-1, filed May 1, 2026

[10] U.S. Response at 3.

[11] Petition at 10 (citing *Matter of J. M. Acosta*, 27 I. & N. Dec. 420 (BIA 2018)); *but see Solomonov v. Garland*, No. 21-9502, 2021 WL 5895128 (10th Cir. Dec. 14, 2021).

[12] TRO Motion at 6.

[13] *Id.*

[14] Exhibit 5 at 3.

[15] *United States v. Saenz-Gomez*, 472 F.3d 791 (10th Cir. 2007); *Solomonov v. Garland*, No. 21-9502, 2021 WL 5895128 (10th Cir. Dec. 14, 2021).

The parties were ordered to submit memoranda by May 4, 2026.[16] All memoranda were timely filed.[17] For the reasons stated below, the Petition is DENIED.

**Contents**

1    BACKGROUND ................................................................................................................ 3
    1.1    Factual Background .................................................................................................. 3
    1.2    Procedural Background.............................................................................................. 8
2    LEGAL STANDARD....................................................................................................... 11
3    DISCUSSION .................................................................................................................. 12
    3.1    The Petition is Denied Because Mr. Elezovic is Properly Detained..................... 14
        3.1.1    Mr. Elezovic is a Deportable Alien Under Section 1227........................ 15
        3.1.2    Mr. Elezovic is Properly Detained Under Section 1226(a) ...................... 18
        3.1.3    Mr. Elezovic Already Received a Bond Hearing..................................... 19
        3.1.4    Mr. Elezovic's Lawful Detention Under Section 1226(a) Moots Elezovic's Argument that he is not Subject to Mandatory Detention. ....................... 20
        3.1.5    Mr. Elezovic's Requested Relief is Improper........................................... 22
    3.2    Mr. Elezovic's Motion for Temporary Restraining Order is Moot for Requesting Identical Relief to the Petition ................................................................................ 22
    3.3    A Hearing is Not Required for Either the Petition or the TRO Motion................. 23
4    CONCLUSION................................................................................................................. 23

# 1    BACKGROUND

## 1.1    Factual Background

Mr. Edin Elezovic is a citizen of Bosnia and Herzegovina.[18] Mr. Elezovic is a noncitizen lawful permanent resident ("LPR") of the United States residing in the state of Utah.[19]

Mr. Elezovic was first admitted to the United States on November 20, 1995, in New York City, New York, as a "child of an alien classified as" a refugee.[20] Between December 22, 1996,

---

[16] Docket Text Order, docket no. 8, file April 29, 2026; Docket Text Order, docket no. 11, file May 1, 2026; Docket Text Order, docket no. 13, file May 1, 2026.

[17] U.S. Response at 1; Response re: Notice ("Elezovic's Response to First Notice"), docket no. 16, filed May 4, 2026; United States Response to Motion for Temporary Restraining Order ("U.S. Response to TRO"), docket no. 14, file May 4, 2026.

[18] Petition ¶¶ 4, 11 at 2-3.

[19] Petition ¶ 11 at 3; U.S. Response at 1.

[20] Exhibit 1 to U.S. Response at 1; *Immigrant Classes of Admission*, Off. of Homeland Sec. Statistics, Dep't of Homeland Sec., https://ohss.dhs.gov/topics/immigration/lawful-permanent-residents/immigrant-classes-admission (last visited May 5, 2026).

and October 23, 1998, Mr. Elezovic was granted LPR status.[21] Both parties represent that Mr. Elezovic is still an LPR of the United States and neither party asserts that Mr. Elezovic has applied to be a citizen.[22]

Mr. Elezovic's history with the Utah courts stretches over twenty years. Some of Mr. Elezovic's convictions[23] preceding the convictions that triggered his ICE detention include: six misdemeanor convictions for failure to appear to court;[24] two misdemeanor convictions for driving under the influence;[25] one misdemeanor conviction for impaired driving;[26] one previous misdemeanor conviction for violating a protective order;[27] and one misdemeanor conviction for the illegal possession of marijuana.[28] Mr. Elezovic's "lengthy criminal history" caught the attention of ICE.[29]

Relevant to Mr. Elezovic's current detention, and his Petition, are Mr. Elezovic's most recent convictions of assault, child abuse, and violation of a protective order. On August 7, 2025, a protective order was issued enjoining Mr. Elezovic from contacting his estranged wife and

---

[21] Exhibit 1 to U.S. Response at 2. Two dates are given in the Record of Deportable/Inadmissible Alien as to when Mr. Elezovic was given LPR status. However, neither date is material to the determinations made in this Order.

[22] Petition ¶ 11 at 3; U.S. Response at 1.

[23] Fed. R. Evid. 201(b)(2); Fed. R. Evid. 803(22) (previous conviction); *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (A district court may "take judicial notice of its own files and records, as well as facts which are a matter of public record.") (cleaned up). The State of Utah Xchange listing of cases was lodged May 20, 2026, as docket no. 36.

[24] Exhibit 1 at 2-5.

[25] Exhibit 1 at 3-4; Sentence, Judgment, Commitment, *State of Utah v. Edin Elezovic*, No. 251501617 FS (Fifth Judicial Dist. Ct., Washington Cnty., Utah Mar. 16, 2026).

[26] Exhibit 1 at 3.

[27] Statement of Defendant in Support of Guilty Plea and Certificate of Counsel, *State v. Elezovic*, No. 181403569 & 181403599 (Utah 4th Dist. Ct. Nov. 13, 2018).

[28] *Id.* at 3.

[29] U.S. Response at 1.

family.[30] Mr. Elezovic represented to ICE authorities that he has two adult children who are U.S. citizens and that he is separated from his U.S. citizen spouse.[31] State records reveal Mr. Elezovic also has one thirteen-year-old daughter.[32]

On March 4, 2026, Mr. Elezovic pleaded no contest to two misdemeanor charges of violating the protective order.[33] Mr. Elezovic signed a Statement of Defendant in Support of Guilty Plea and Certificate of Counsel ("First Plea Agreement") and the state prosecutor agreed to amend his charges from a felony to a Class A misdemeanor.[34] In his plea agreement Mr. Elezovic admitted:

> On or about December 22, 2025, in Washington County, Utah, the defendant, Edin Elezovic, being subject to a valid protective order, did contact the protected party via social media in violation of said protective order. The protected party is defendant's wife making this domestic violence.[35]

In his plea agreement, Mr. Elezovic waived his right to a jury trial and his right to appeal his conviction.[36] Mr. Elezovic acknowledged he was warned of the impacts his guilty plea can have on his immigration status:

> **Deportation.** I know, and it has been explained to me, that a criminal conviction may have adverse immigration consequences. Further, I know and understand that a criminal conviction could result in my removal and deportation. My attorney has advised me that Immigration Law is a specialized field, that my attorney is

---

[30] *Id*. at 2-3; Exhibit 3 at 40 to Motion to Dismiss, DHS Evidence to Support Change in Notice to Appear, docket no. 35-3, filed May 19, 2026.

[31] Exhibit 1 at 4.

[32] Amended Statement of Defendant in Support of No Contest Plea and Certificate of Counsel, *State v. Elezovic*, No. 251501488 (5th Dist. Ct. Washington Cnty., Utah Mar. 18, 2026).

[33] Petition ¶ 7 at 3; U.S. Response at 1.

[34] Exhibit 5 to U.S. Response, Statement of Defendant in Support of Guilty Plea and Certificate of Counsel in Case No. 25150245 dated March 4, 2025 ("First Plea Agreement") at 4, docket no. 14-5, filed May 1, 2026. A similar admission was made in the plea agreement on the second charge of violation of a protective order. Statement of Defendant in Support of No Contest Plea and Certificate of Counsel, *State v. Elezovic*, No. 25151617 (5th Dist. Ct. Washington Cnty., Utah Mar. 4, 2026). This plea agreement has provisions similar to the one quoted in this order.

[35] Exhibit 5 at 2.

[36] *Id*. at 3.

not an immigration lawyer, and that I would need to consult with an immigration specialist if I want further advice on that subject.[37]

The plea agreement was signed by Mr. Elezovic, his attorney, and the prosecutor.[38] Judge Eric Gentry of Utah's Fifth District Court found that Mr. Elezovic's "guilty plea [was] freely, knowingly, and voluntarily made."[39] In the Judgment for one of the protective order violation cases, Mr. Elezovic was ordered not to have any "direct or indirect contact" with members of his family.[40]

Mr. Elezovic was thus convicted of two counts of Violation of a Protective Order, Class A Misdemeanors under Utah Code Ann. § 76-5-108. Mr. Elezovic was sentenced to 120 days custody with credit for time served in lieu of a fine, followed by probation of 24 months with terms and conditions.[41]

Two weeks later, on March 18, 2026, Mr. Elezovic pleaded no contest to "Child Abuse – Intentional or Knowing" a Class A Misdemeanor under Utah Code Ann. § 76-5-109(2) and (3A); and "Assault (Domestic Violence)" a Class B Misdemeanor under Utah Code Ann. § 76-5-102(2) and (3A); and "Domestic Violence in the Presence of a Child" a Class B Misdemeanor under Utah Code Ann. § 76-5-114.[42] All offenses occurred in Washington County, Utah.[43] These

---

[37] *Id*. at 6.

[38] *Id*. at 7.

[39] *Id*. at 8.

[40] Sentence, Judgment, Commitment, *State of Utah v. Edin Elezovic*, No. 251502425 FS (Fifth Judicial Dist. Ct., Washington Cnty., Utah Mar. 16, 2026).

[41] Petition ¶¶ 5, 7 at 2-3; U.S. Response at 1.

[42] Petition ¶ 6 at 2-3; *State v. Elezovic*, No. 251501488 (Utah 5th Dist. Ct. Mar. 18, 2026).

[43] *Id*. ¶ 5 at 2.

convictions were a result of an Amended Statement of Defendant in Support of No Contest Plea

and Certificate of Counsel ("Second Plea Agreement").[44]

In the Second Plea Agreement, Mr. Elezovic admitted:

On or about August 06, 2025, in Washington County, Utah, the defendant, Edin Elezovic, got into an altercation with his wife and daughter. During the altercation it is alleged that defendant struck his 13 year old daughter and his wife.[45]

In the Second Plea Agreement Mr. Elezovic again waived his right to a jury trial

and his right to appeal his conviction.[46] The Second Plea Agreement has a deportation

warning identical to the First Plea Agreement.[47]

Mr. Elezovic was sentenced to 365 days probation on the Child Abuse conviction. On the

Assault conviction, Mr. Elezovic was sentenced to 180 days jail. Mr. Elezovic was placed on

probation for a period of 24 months with terms and conditions imposed by the Court.[48] These

sentences were suspended.[49]

Mr. Elezovic says he served his 120-day sentence, and his term of incarceration expired

on April 21, 2026.[50] During his incarceration Mr. Elezovic's immigration status and convictions

caught ICE's attention.[51] Despite the expiration of his 120-day criminal jail sentence, Mr.

Elezovic continued to be detained under an immigration hold at ICE's request.[52] The

---

[44] Amended Statement of Defendant in Support of No Contest Plea and Certificate of Counsel ("Second Plea Agreement"), *State v. Elezovic*, No. 251501488 (5th Dist. Ct. Washington Cnty., Utah Mar. 18, 2026).

[45] *Id*. at 2.

[46] *Id*. at 3-4.

[47] *Id*. at 7.

[48] Petition ¶ 8 at 3.

[49] *Id*. ¶ 12 at 7.

[50] *Id*. ¶¶ 9, 13 at 3-4.

[51] U.S. Response at 1.

[52] Petition ¶¶ 4, 14 at 3-4.

Washington County Sheriff's Office booked Mr. Elezovic on April 28, 2026, at 11:06:52 AM under an "immigration and customs hold."[53] Mr. Elezovic has since been transferred into ICE's custody.[54]

### 1.2  Procedural Background

On March 24, 2026, ICE served Mr. Elezovic with a Form I-200 administrative warrant.[55] The warrant was issued because of:

> Statements made voluntarily by subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.[56]

A Notice of Custody Determination determined that Mr. Elezovic was detained under Section 236 and states that Mr. Elezovic refused to "request an immigration judge review of this custody determination."[57]

On April 21, 2026, Mr. Elezovic was given a Notice to Appear on May 4, 2026, at 8:30 am before an immigration judge at an ICE facility in Tacoma, Washington.[58] The warrant states Mr. Elezovic is "subject to removal from the United States pursuant to" violations of Section 237(a)(2)(E)(ii) of the INA which is codified as 28 U.S.C. § 1227(a)(2)(E)(ii).[59]

---

[53] *Bookings*, Wash. Cnty. Sheriff's Off., https://news.washeriff.net/divisions/bookings/ (last visited Apr. 28, 2026).

[54] Second Notice of Intended Transfer ("Second Notice"), docket no. 23, filed May 11, 2026.

[55] Exhibit 2 to U.S. Response, Warrant for Arrest of Alien, docket no. 14-2, filed May 1, 2026; 8 C.F.R. § 236.1(b); *Tophuria v. Warden, Otero Cnty. Processing Ctr.*, No. CV 26-374 JB/GJF, 2026 WL 905826, at *10 (D.N.M. Apr. 2, 2026) ("The regulations implementing § 1226 confirm that the Form I-200 is used for arrests pursuant to an immigration officer's authority under § 1226.").

[56] *Id*. at 1.

[57] Exhibit 3 to U.S. Response, Notice of Custody Determination, docket no. 14-3, filed May 1, 2026.

[58] Exhibit 4 to U.S. Response, Notice to Appear, docket no. 14-4, filed May 1, 2026.

[59] Exhibit 2 (quoting 8 U.S.C. § 1227(a)(2)(E)(ii)).

On April 27, 2026, Mr. Elezovic filed his Petition.[60] The same day, an Emergency Order was signed enjoining ICE from transferring Mr. Elezovic outside of the District of Utah for 120 hours and enjoining ICE from deporting Mr. Elezovic until the resolution of this Petition.[61] On April 29, 2026, the United States was ordered to respond to Mr. Elezovic's Petition by May 4, 2026.[62]

On April 30, 2026, the United States filed a Notice of Intended Transfer ("First Notice") Mr. Elezovic to Tacoma, Washington for his May 4, 2025, hearing.[63] The same day, Mr. Elezovic filed the TRO Motion requesting his "immediate release from immigration custody."[64] Mr. Elezovic claims his "detention is unlawful and a textbook violation of his Due Process rights."[65] Mr. Elezovic's TRO Motion was taken under advisement, and the United States was ordered to respond by May 4, 2026.[66] Mr. Elezovic was also ordered to respond to the First Notice by May 4, 2026.[67]

On May 1, 2026, the United States responded to the Petition and moved for an extension of time until May 11, 2026, to comply with Court orders to provide specified information,[68] which was granted.[69] On May 4, 2026, Mr. Elezovic responded to the First Notice;[70] the United

---

[60] Petition ¶¶ 4 11 at 2-3.

[61] Emergency Order to Stay Transfer Regarding Immigration Habeas Petition, docket no. 5, filed April 27, 2026.

[62] Docket Text Order, docket no. 8, file April 29, 2026.

[63] First Notice of Intended Transfer, docket no. 9, filed April 29, 2026.

[64] TRO Motion at 2.

[65] *Id*. at 3.

[66] Docket Text Order, docket no. 11, filed May 1, 2026.

[67] Docket Text Order, docket no. 13, filed May 1, 2026.

[68] Motion for Extension of Time, docket no. 15, filed May 1, 2026.

[69] Order Granting Motion for Extension of Time, docket no. 18, filed May 4, 2026.

[70] Response re: Notice, docket no. 16, filed May 4, 2026.

States opposed Mr. Elezovic's TRO Motion;[71] and the United States was ordered not to transfer Mr. Elezovic outside of the District of Utah.[72]

On May 11, 2026, the United States filed a Motion for Leave to File Sealed Documents for *In Camera Review*[73] and a Status Report.[74] The Motion was subsequently granted[75] and the United States provided the contracts for review.[76] On the same day the United States filed a Second Notice of Intended Transfer[77] ("Second Notice") after scheduling an in-person hearing before an immigration judge for Mr. Elezovic on May 13, 2026 at 09:30 a.m. at 2975 S. Decker Lake Dr., Suite 200, West Valley City, UT 84119.

Following Mr. Elezovic's hearing before the immigration judge, the parties each filed a status report regarding the hearing.[78] Both parties describe the May 13 hearing as a "Master Calendar hearing" that got continued until May 19, 2026, at 9:30 am. The United States advised that Mr. Elezovic requested, and was granted, a bond hearing before an immigration judge in West Valley City, UT.[79]

---

[71] United States Response to Motion for Temporary Restraining Order ("U.S. Response to TRO"), docket no. 14, filed May 4, 2026

[72] Docket Text Order, docket no. 19, filed May 4, 2026.

[73] Motion for Leave to File Sealed Document for In Camera Review, docket no. 20, filed May 11, 2026.

[74] Status Report in Response to Docket Text Order Requesting Documents and Information ("Status Report"), docket no. 21, filed May 11, 2026; "These contracts do not appear to contain any provision regarding a 72-hour cap for holding detainees. Nevertheless, local ICE officers have been operating with the understanding Utah state facilities do often impose this limitation. Federal respondents are investigating further to determine whether the limitation comes from other sources such as subsequent amendments to the contract, statements from particular county facilities, federal performance-based detention standards, or riders on contracts with the U.S. Marshall's [sic] Service." *Id.* at 2.

[75] Order Granting Motion for Leave of Court to Lodge Document Under Seal for In Camera Review, docket no. 27, filed May 14, 2026.

[76] Sealed Documents, docket no. 29, May 15, 2026; An *in camera review* of the contracts has been completed. The United States' statement in the May 11 status report is correct. The alleged 72-hour limit on ICE inmate detention in county jails is not present in any contract.

[77] Second Notice of Intended Transfer ("Second Notice"), docket no. 23, filed May 11, 2026.

[78] Petitioner's Status Report, docket no. 25, filed May 14, 2026; Status Report, docket no. 26, filed May 14, 2026

[79] U.S Status Report at 2.

10

At the May 19 hearing Immigration Judge David Anderson denied Mr. Elezovic's motion to terminate and found that the United States established removability by clear and convincing evidence.[80] That same day, Judge Anderson conducted a bond hearing and denied Mr. Elezovic's request for release, finding he failed to demonstrate that his release would not pose a danger to property or persons.[81] Mr. Elezovic has another master calendar hearing scheduled for May 26, 2026.[82]

The United States filed a third Notice of Intended Transfer[83] ("Third Notice") and a Motion for Leave to Transfer Mr. Elezovic to Wyoming ("Motion to Transfer").[84] The Motion to Transfer was taken under advisement.[85] Mr. Elezovic objected to being transferred to Wyoming.[86] The United States combined a Motion to Dismiss the Petition as Moot[87] ("Motion to Dismiss") with its status report on the results of the May 19 hearing before Judge Anderson.

## 2    LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who "is in custody in violation of the Constitution or laws or treaties of the United States."[88] This includes challenges

---

[80] Exhibit 5 to Status Report and Motion to Dismiss as Moot ("Motion to Dismiss"), docket no. 35, filed May 19, 2026., Order of the Immigration Judge, docket no. 35-5, filed May 19, 2026.

[81] Exhibit 6 to Motion to Dismiss, Order of the Immigration Judge, docket no. 35-6, filed May 19, 2026.

[82] Exhibit 7 to Motion to Dismiss, Notice of In-Person Hearing, docket no. 35-7, filed May 19, 2026.

[83] Third Notice of Intended Transfer ("Third Notice"), docket no. 30, filed May 16, 2026.

[84] Motion for Leave to Transfer Petitioner to Wyoming ("Motion to Transfer"), docket no. 31, filed May 18, 2026.

[85] Docket Text Order, docket no. 32, filed May 18, 2026.

[86] Mr. Elezovic's Response to the Third Notice of Intended Transfer, docket no. 34, filed May 19, 2026.

[87] Status Report and Motion to Dismiss as Moot ("Motion to Dismiss"), docket no. 35, filed May 19, 2026.

[88] 28 U.S.C. § 2241(c)(3).

to immigration detention.[89] The individual in custody bears the burden of establishing that detention is unlawful.[90]

## 3   DISCUSSION

The legal questions presented are complex and evolving. "As the Ninth Circuit has noted, the INA has been compared to a 'morass,' a 'Gordian knot,' and 'King Minos's labyrinth in

---

[89] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

[90] *Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184, at *4 (D. Utah January 16, 2026).

ancient Crete.'"[91] Courts in this district,[92] this circuit,[93] and across the country[94] have been asked

to weigh in on the same or similar factual settings in this area of the law.[95]

---

[91] *Maldonado Vazquez v. Feeley,* 805 F.Supp.3d 1112, 1137 (D. Nev. 2025) (quoting *Torres v. Barr*, 976 F.3d 918, 923 (9th Cir. 2020)).

[92] *Uzcategui v. Brooksby*, No. 4:26-CV-00020-DN-PK, 2026 WL 622751 (D. Utah Mar. 5, 2026); *Velasquez Montillo v. Brooksby*, No. 4:26-CV-00018-DN-PK, 2026 WL 592355 (D. Utah Mar. 3, 2026); *Tanchez,* 2026 WL 125184 at *10; *Carbajal v. Wimmer*, No. 2:26-CV-00093, 2026 WL 353510 (D. Utah February 9, 2026); *Cisneros v. Noem*, No. 2:25-CV-1170-HCN, 2026 WL 396300 (D. Utah February 12, 2026); *Vasquez v. Noem, et al.*, No. 2:25-CV-01146-JNP, 2026 WL 309631 (D. Utah February 5, 2026); *Reyes v. United States Immigr. & Custom Enf't*, No. 2:25-CV-01159 TC, 2026 WL 266952 (D. Utah February 2, 2026); *Reyes De La Cruz Gonzalez v. Ruben Leyva*, No. 2:26-CV-00240, 2026 WL 972937 (D. Utah Apr. 10, 2026).

[93] *Jose-De-Jose v. Noem*, No. CIV-25-1454-SLP, 2026 WL 360045 (W.D. Okla. February 9, 2026); *Gutierrez v. Garcia*, No. 2:25-CV-001145-WJ-KRS, 2026 WL 310064 (D.N.M. February 5, 2026); *Hernandez v. Baltazar*, No. 1:25-CV-03094-CNS, 2025 WL 2996643 (D. Colo. October 24, 2025); *Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344 at **3-5 (W.D. Okla. January 6, 2026); *Montoya v. Holt*, No. CIV-235-1231-JD, 2025 WL 3733302 at **5-12 (W.D. Okla. December 26, 2025); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287 (W.D. Okla. January 23, 2026); *Rohit Saini v. Juan Baltazar*, No. 26-CV-1142-WJM, 2026 WL 1091263 (D. Colo. Apr. 22, 2026).

[94] *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *2 (N.D. Cal. September 12, 2025); *Bautista v. Santacruz* ("*Bautista I*"), No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. February 18, 2026); *Bautista v. Santacruz* ("*Bautista II*") No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. December 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. December 18, 2025); *E.C. v. Noem*, No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264 (D. Nev. October 14, 2025); *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787 (N.D. Ill. October 24, 2025); *N-E-M-B v. Wamsley*, No. 3:25-CV-989-SI, 2025 WL 3527111 (D. Or. December 9, 2025); *Faizyan v. Casey*, 2025 WL 3208844, at *4-6 (S.D. Cal. November 17, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025); *Petion v. Hyde*, No. 2:25-CV-00535-SDN, 2025 WL 3072567 (D. Me. November 3, 2025); *Da Cunha v. Freden*, No. 25-CV-6532-MAV, 2025 WL 3280575 (W.D.N.Y. November 25, 2025); *Huang v. Almodovar*, No. 25 CIV. 9346 (DEH), 2025 WL 3295912 (S.D.N.Y. November 26, 2025); *Maldonado v. Cabezas*, No. CV 25-13004, 2025 WL 2985256, at *4 (D.N.J. October 23, 2025); *Briceno Solano v. Mason*, No. 2:26-CV-00045, 2026 WL 311624, at *20 (S.D. W. Va. February 4, 2026); *Tinajero Rodriguez v. Mason, et al.*, No. 2:26-CV-00122, 2026 WL 510426, at *2 (S.D. W. Va. February 24, 2026); *Chavez Ochoa & Nunez Lopez v. Mason, et al.,* No. 2:26-CV-00130, 2026 WL 541144, at *2 (S.D. W. Va. February 26, 2026); *Sanchez v. Noem, et. al.*, No. CV 3:26-0067, 2026 WL 483475, at *4 (S.D. W. Va. February 20, 2026); *Dominguez Izaguirre v. Mason, et al.*, No. 2:26-CV-00121, 2026 WL 561235, at *7 (S.D. W. Va. February 27, 2026); *Urquilla-Ramos v. Trump*, No. 2:26-CV-00066, 2026 WL 475069, at *18 (S.D. W. Va. February 19, 2026).

[95] For a relatively current summary of cases, *see* Kyle Cheney, Politico, Even Trump's own appointees are ruling against ICE's mass detention strategy - POLITICO, February 12, 2026.

The parties' memoranda, the applicable statutes,[96] binding precedent,[97] and persuasive authorities[98] have been reviewed. The facts and applicable law surrounding Mr. Elezovic's petition are distinguishable from most other cases in this District.[99] Mr. Elezovic is a deportable alien[100] properly in ICE detention.[101] Each issue is addressed in turn.

### 3.1   The Petition is Denied Because Mr. Elezovic is Properly Detained.

While determining the constitutionality of Section 1226 both the Supreme Court[102] and the Tenth Circuit[103] stated "Congress, justifiably concerned with evidence that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons . . . be detained for the brief period necessary for their removal proceedings."[104] The Supreme Court concluded "[d]etention during removal proceedings is a constitutionally permissible part of that process."[105]

Mr. Elezovic alleges his detention is "unauthorized and unlawful" whether under 8 U.S.C. § 1226(a) or 8 U.S.C. § 1226(c).[106] The United States disagrees: "Mr. Elezovic was

---

[96] 28 U.S.C. § 2241; 8 U.S.C. § 1226; 8 U.S.C. § 1227.

[97] *United States v. Saenz-Gomez*, 472 F.3d 791 (10th Cir. 2007); *Solomonov v. Garland,* No. 21-9502, 2021 WL 5895128 (10th Cir. Dec. 14, 2021); *Chavez-Vasquez v. Holder*, 572 F. App'x 627 (10th Cir. 2014); *Demore v. Kim*, 538 U.S. 510 (2003).

[98] *Castañon-Nava v. U.S. Department of Homeland Security*, No. 25-3050, 2026 WL 1223250 (7th Cir. May 5, 2026); *Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026)

[99] *Uzcategui v. Brooksby*, No. 4:26-CV-00020-DN-PK, 2026 WL 622751 (D. Utah Mar. 5, 2026); *Velasquez Montillo v. Brooksby*, No. 4:26-CV-00018-DN-PK, 2026 WL 592355 (D. Utah Mar. 3, 2026);

[100] 8 U.S.C. § 1227.

[101] 8 U.S.C. § 1226.

[102] *Demore v. Kim*, 538 U.S. 510, 511 (2003).

[103] *Sosa v. Greene*, 68 F. App'x 901 (10th Cir. 2003).

[104] *Demore*, 538 U.S. at 511; *Sosa*, 68 F. App'x at 902.

[105] *Demore*, 538 U.S. at 530; *Sosa*, 68 F. App'x at 902.

[106] Petition at 9-10.

arrested pursuant to a duly issued and served [an] administrative warrant affirming that there was probable cause to believe that he is removable from the United States, [and] his civil detention fully conforms to Fourth Amendment requirements."[107] The United States' argument implies that it complied with 8 U.S.C. § 1226(a). The United States makes no mention of mandatory detention under 8 U.S.C. § 1226(c).

For the reasons stated below, Mr. Elezovic is properly detained under 8 U.S.C. § 1226(a).

### 3.1.1  Mr. Elezovic is a Deportable Alien Under Section 1227.

The United States has determined that Mr. Elezovic is a "deportable alien" as defined in 8 U.S.C. § 1227(a)(2)(E)(ii).[108] Mr. Elezovic does not contest that he is a deportable alien under Section 1227(a)(2)(E)(ii), instead stating he is not subject to mandatory detention and that his criminal convictions are not final because of his appeal.[109]

Section 1227(a)(2)(E)(ii) provides:

**(a) Classes of deportable aliens**

Any alien (including an alien crewman) in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens:

**(2) Criminal offenses**

**(E)** Crimes of domestic violence, stalking, or violation of protection order, crimes against children and

**(ii) Violators of protection orders**

Any alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or

---

[107] U.S. Response at 6.

[108] *Id*. at 2 (citing 8 U.S.C. § 1227(a)(2)(E)(ii)).

[109] Petition at 3; TRO Motion at 4-5.

> bodily injury to the person or persons for whom the protection order was issued is deportable. For purposes of this clause, the term "protection order" means any injunction issued for the purpose of preventing violent or threatening acts of domestic violence, including temporary or final orders issued by civil or criminal courts (other than support or child custody orders or provisions) whether obtained by filing an independent action or as a pendente lite order in another proceeding.

While it appears Mr. Elezovic's criminal history triggers multiple parts of Section 1227,[110] the United States cited only Section 1227(a)(2)(E)(ii) in the warrant[111] and Notice to Appear[112] given to Mr. Elezovic.

Mr. Elezovic does not contest that he is a deportable alien. Instead, Mr. Elezovic makes two arguments: (1) he does not qualify for mandatory detention because "Congress omitted § 1227(a)(2)(E)(ii) from the mandatory detention statute, [and ICE] may not expand § 236(c) [codified as 8 U.S.C. § 1226(c)] by implication"[113]; and (2) Mr. Elezovic's "underlying [protective order violation] conviction is currently on direct appeal and therefore is not final for immigration purposes." [114]

The United States says Mr. Elezovic is being detained under the INA's discretionary detention provision (Section 1226(a)) and not the INA's mandatory detention provision (Section 1226(c)).[115] For the reasons stated in Section 3.1.2 of this Order, the United States has lawfully

---

[110] *See* 8 U.S.C. § 1227(a)(2)(A)(ii); 8 U.S.C. § 1227(a)(2)(E)(i).

[111] Exhibit 1 at 2; 8 C.F.R. § 236.1(b); *Tophuria v. Warden, Otero Cnty. Processing Ctr.*, No. CV 26-374 JB/GJF, 2026 WL 905826, at *10 (D.N.M. Apr. 2, 2026) ("The regulations implementing § 1226 confirm that the Form I-200 is used for arrests pursuant to an immigration officer's authority under § 1226.").

[112] Exhibit 4 at 1.

[113] TRO Motion at 5.

[114] *Id*. at 2-3.

[115] U.S. Response 4-7.

detained Mr. Elezovic under Section 1226(a). Mr. Elezovic's first argument regarding mandatory detention is therefore inapplicable but discussed in Section 3.1.4.

In his second argument, Mr. Elezovic relies on the Board of Immigration Appeal's ("BIA") decision in *Matter of J.M. Acosta*. In *J.M. Acosta*, the BIA recognized "the long-standing requirement that a conviction must have sufficient finality to be considered a valid predicate for immigration consequences to attach."[116] Mr. Elezovic's reliance on *J.M. Acosta* is misplaced.

Eleven years before the BIA decided *J.M. Acosta*, the Tenth Circuit issued its opinion in *United States v. Saenz-Gomez*.[117] In *Saenz-Gomez*, the Tenth Circuit rejected the argument that a conviction is not final until the convicted person has exhausted or waived any direct appeal rights.[118] In 2021, the Tenth Circuit in *Solomonov v. Garland* noted that the BIA decided that in the Tenth Circuit it will not apply *J.M. Acosta* but will follow *Saenz-Gomez* .[119] The Tenth Circuit found "no error" with the BIA's decision stating "BIA specifically considered whether it could apply *J. M. Acosta* despite *Saenz-Gomez*, and concluded it could not."[120] The lesson from *Solomonov* is clear: in the Tenth Circuit, *Saenz-Gomez* controls, and a conviction is final for immigration purposes unless overturned on appeal.

Considering the facts and Tenth Circuit precedent, Mr. Elezovic's argument that his conviction is not final because his pending appeal is frivolous. First, Mr. Elezovic waived his right to appeal his convictions in *both* of his plea agreements.[121] Second, *J.M. Acosta* has no

---

[117] 472 F.3d 791, 794 (10th Cir. 2007).

[117] 472 F.3d 791, 794 (10th Cir. 2007).

[118] *Id*.

[119] No. 21-9502, 2021 WL 5895128, at *3 (10th Cir. Dec. 14, 2021).

[120] *Id*. at *3.

[121] Exhibit 5 at 3; Second Plea Agreement at 4.

17

force in the Tenth Circuit. *Saenz-Gomez* and its progeny have foreclosed that argument for nearly two decades. Mr. Elezovic's pending appeal does not affect the finality of his convictions for immigration purposes.[122]

Neither party contests that Mr. Elezovic qualifies as a deportable alien under Section 1227(a)(2)(E)(ii).[123] The Tenth Circuit's precedent forecloses any argument that Mr. Elezovic's pending appeal renders his convictions non-final.

### 3.1.2  Mr. Elezovic is Properly Detained Under Section 1226(a)

The parties debate whether Mr. Elezovic is lawfully detained under 8 U.S.C. § 1226(a), the INA's discretionary detention provision.[124] Mr. Elezovic says he is unlawfully detained because he "has not been afforded a bond hearing under § 1226(a)".[125] The United States says it complied with Section 1226(a) when an ICE agent "issued and served an administrative warrant for Mr. Elezovic's arrest [while he was in jail], certifying that ICE had probable cause to believe that Mr. Elezovic is removable from the United States."[126]

Section 1226(a) provides:

> **On a warrant issued by the Attorney General**, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
>
>> (1) may continue to detain the arrested alien; and
>>
>> (2) may release the alien on—

---

[122] *Saenz-Gomez*, 472 F.3d at 794; *Jimenez–Guzman*, 642 F.3d at 1297; *Chavez-Vasquez*, 572 F. App'x at 628; *Solomonov*, No. 21-9502, 2021 WL 5895128.

[123] U.S. Response at 2 (citing 8 U.S.C. § 1227(a)(2)(E)(ii)); TRO Motion at 5.

[124] Petition at 9; U.S. Response at 4-5.

[125] Petition at 9.

[126] U.S. Response at 2 (citing Exhibit 2).

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole; but

(3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.[127]

The United States has satisfied the statutory requirement of a warrant to detain Mr. Elezovic under Section 1226(a). The United States' Exhibit 2 is the administrative warrant ICE agents gave to Mr. Elezovic on April 21, 2026, while he was detained in Washington County Jail.[128] Mr. Elezovic does not contest that this administrative warrant was issued, or that the warrant complies with Section 1226(a).

### 3.1.3  Mr. Elezovic Already Received a Bond Hearing

Mr. Elezovic argues that the United States did not comply with Section 1226(a) because he "has not been afforded a bond hearing".[129] The United States says Mr. Elezovic's argument is flawed: "[T]his statement overlooks the fact that custody or bond redetermination hearings are scheduled by an immigration judge only upon application by a detainee, or his attorney or representative."[130] At first, Mr. Elezovic did not receive a bond hearing because he had not requested one. Mr. Elezovic did not request a bond hearing in his Petition.[131] Mr. Elezovic instead requests "a writ of habeas corpus requiring that Respondents release Mr. Elezovic

---

[127] 8 U.S.C. § 1226(a) (emphasis added).

[128] U.S. Response at 2 (citing Exhibit 2).

[129] Petition at 9.

[130] U.S. Response at 6 (citing 8 C.F.R. § 1003.19(c)).

[131] Petition at 10-11.

immediately".[132]When Mr. Elezovic requested a bond hearing[133] Mr. Elezovic received a bond hearing.[134]

### 3.1.4  Mr. Elezovic's Lawful Detention Under Section 1226(a) Moots Elezovic's Argument that he is not Subject to Mandatory Detention.

Mr. Elezovic argues he is not subject to mandatory detention under Section 1226(c).[135] But the United States has chosen to detain Mr. Elezovic under Section 1226(a)'s discretionary detention provision[136] so there is no need to determine whether Mr. Elezovic is also subject to Section 1226(c)'s mandatory detention provision. Even if mandatory detention is triggered, the result would be the same: Mr. Elezovic is still properly detained under the INA.

Mr. Elezovic's child abuse and assault convictions might have triggered mandatory detention.[137] As established above, Mr. Elezovic waived his right to appeal his convictions in both of his plea agreements.[138] Had the United States determined Mr. Elezovic's child abuse and assault convictions qualified as a predicate offense under Section 1226(c) (pursuant to Section 1227(a)(2)(A)(ii) and Section 1226(c)(1)(B)) the government would have a strong argument that mandatory detention applied.

This hangs on the definition of "moral turpitude." Section 1227(a)(2)(A)(ii) provides:

**(ii) Multiple criminal convictions**

Any alien who at any time after admission is convicted of two or more crimes involving *moral turpitude*, not arising out of a single scheme of criminal

---

[132] *Id*. at 11.

[133] U.S Status Report at 2.

[134] Exhibit 6 to Motion to Dismiss.

[135] Petition 9-10.

[136] U.S. Response 4-7.

[137] *Compare* 8 U.S.C. § 1227(a)(2)(A)(ii); and 8 U.S.C. § 1227(a)(2)(E)(i); with 8 U.S.C. § 1226(c)(1)(B).

[138] Exhibit 5 at 3; Second Plea Agreement at 4.

misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.[139]

The Tenth Circuit defines "moral turpitude" as "conduct which is inherently base, vile, or depraved, contrary to the accepted rules of morality and duties owed between man and man, either one's fellow man or society in general."[140] "[C]orrupt scienter is the touchstone of moral turpitude."[141]

In *Efagene v.Holder*, the Tenth Circuit noted the BIA regularly stated "the crimes of statutory rape, child abuse, and spousal abuse are considered crimes involving moral turpitude."[142] Specifically, "Child abuse [] is a crime involving conduct society deems to be wrong independent of any statutory prohibition precisely because of the harm it causes."[143]

The United States did not detain Mr. Elezovic for his child abuse and spousal assault convictions. Because the United States has not argued mandatory detention and has instead proceeded under Section 1226(a), this issue need not be determined. The discretionary detention analysis under Section 1226(a) is sufficient to establish the lawfulness of Mr. Elezovic's detention.

---

[139] 8 U.S.C. § 1227(a)(2)(A)(ii)(emphasis added).

[140] *Efagene v. Holder*, 642 F.3d 918, 921 (10th Cir. 2011) (quoting *Wittgenstein v. INS,* 124 F.3d 1244, 1246 (10th Cir.1997)).

[141] *De Leon v. Lynch*, 808 F.3d 1224, 1228 (10th Cir. 2015).

[142] *Efagene*, 642 F.3d at 922.

[143] *Id*.

### 3.1.5   Mr. Elezovic's Requested Relief is Improper.

After finding a petitioner is improperly detained by ICE, courts in this District usually award either immediate release[144] or a bond hearing.[145] Mr. Elezovic's requested relief was immediate release.[146] Because Mr. Elezovic is properly detained under Section 1226(a), immediate release is an improper remedy.

On May 19, 2026, the immigration judge conducted a bond hearing pursuant to 8 C.F.R. § 1236.[147] Mr. Elezovic was denied change in custody.[148] Because Mr. Elezovic has been given a bond hearing, there is no procedural deficiency supporting additional relief.

### 3.2   Mr. Elezovic's Motion for Temporary Restraining Order is Moot for Requesting Identical Relief to the Petition

When a petitioner pursues habeas relief, a simultaneously filed motion for temporary restraining order adds nothing. Courts in this Circuit[149] and across the country[150] agree.

Mr. Elezovic's TRO Motion advances duplicative arguments, relies on identical authority, and requests the same relief as the Petition. The TRO Motion is denied on the same grounds as the Petition.

---

[144] *Uzcategui v. Brooksby*, No. 4:26-CV-00020-DN-PK, 2026 WL 622751 (D. Utah Mar. 5, 2026); *Velasquez Montillo v. Brooksby*, No. 4:26-CV-00018-DN-PK, 2026 WL 592355 (D. Utah Mar. 3, 2026);

[145] *Tanchez v. Noem*, No. 2:25-cv-1150, 2026 WL 125184, at *4 (D. Utah January 16, 2026); *Carbajal v. Wimmer*, No. 2:26-CV-00093, 2026 WL 353510 (D. Utah February 9, 2026).

[146] Petition at 10; TRO Motion at 6.

[147] Motion to Dismiss at 3.

[148] Exhibit 6 to Motion to Dismiss.

[149] *Negrete-Ramirez v. Noem,* No. 1:25-CV-01227-KWR-JMR, 2026 WL 375961 (D.N.M. Feb. 10, 2026); *Gonzalez Martinez v. Noem*, No. 2:26-CV-00117-JNP, 2026 WL 611707 (D. Utah Mar. 4, 2026); *Hopkinson v. Shillinger*, 648 F. Supp. 141 (D. Wyo. 1986).

[150] *Safi v. Margolin*, No. 4:26-CV-00110-O, 2026 WL 922415 (N.D. Tex. Mar. 16, 2026); *Henry v. Moore*, No. 3:20-CV-1114-C-BT, 2020 WL 6873604 (N.D. Tex. Nov. 23, 2020); *Dor v. Dist. Dir., I.N.S., New York Dist.*, 697 F. Supp. 694 (S.D.N.Y. 1988), *aff'd sub nom. Dor v. Dist. Dir., I.N.S.*, 891 F.2d 997 (2d Cir. 1989); *Duldulao v. Reno*, 958 F. Supp. 476 (D. Haw. 1997)

### 3.3   A Hearing is Not Required for Either the Petition or the TRO Motion.

A petition for writ of habeas corpus[151] typically requires an evidentiary hearing. "To receive a federal evidentiary hearing, the burden is on the *habeas corpus* petitioner to allege facts which, if proved, would entitle him to relief."[152] "An evidentiary hearing is not required [in a habeas proceeding] if the issues can be resolved on the basis of the record and the law."[153] And because Petitioner's TRO Motion "fail[s] based upon the resolution of questions of law as to which there are no disputed issues of fact, . . . it is unnecessary to conduct an evidentiary hearing or oral argument."[154]

Neither party presents an issue of fact to be resolved. Both the Petition and the TRO Motion fail on the law. No hearing is required.

## 4   CONCLUSION

IT IS HEREBY ORDERED that Mr. Elezovic's Petition for Writ of Habeas Corpus[155] is DENIED.

IT IS FURTHER ORDERED that:

1.      Mr. Elezovic's Motion for an Emergency Temporary Restraining Order[156] is DENIED;

---

[151] 28 U.S.C. § 2243.

[152] *Hatch v. State of Okl.*, 58 F.3d 1447, 1471 (10th Cir. 1995).

[153] *Glick v. U.S. Parole Comm'n*, 21 F.3d 1121 (10th Cir. 1994).

[154] *Gess v. USMS*, No. 20-CV-01790-PAB-STV, 2020 WL 8838280, at *17 (D. Colo. Dec. 10, 2020), *report and recommendation adopted in part sub nom. Gess v. USMS & 10th Cir. Dist. Ct.*, No. 20-CV-01790-PAB-STV, 2021 WL 423436 (D. Colo. Feb. 5, 2021) (citing *Shaw v. AAA Eng'g & Drafting, Inc.*, 213 F.3d 538, 545 (10th Cir. 2000)).

[155] Petition for Writ of Habeas Corpus ("Petition"), docket no. 1; file April 27, 2026.

[156] Emergency Motion for Temporary Restraining Order, docket no. 10, filed April 30, 2026.

2.      The United States's Motion for Leave to Transfer Petition to Wyoming[157]

is FOUND MOOT;

3.      The United States's Motion Status Report and Motion to Dismiss as

Moot[158] is FOUND MOOT;

4.      Because the petition is frivolous and does not raise a substantial question

of law or fact, Mr. Elezovic is DENIED a certificate of appealability.

5.      The Clerk of Court is ordered to CLOSE the case.

Signed May 20, 2026.

BY THE COURT

David Nuffer
United States District Judge

---

[157] Motion for Leave to Transfer Petitioner to Wyoming, docket no. 31, filed May 18, 2026.

[158] Status Report and Motion to Dismiss as Moot, docket no. 35, filed May 19, 2026.

24